**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RANDY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-015-RAW-KEW |
| ) | |
| COMMISSIONER OF THE SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Randy Smith (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED**.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 53 years old at the time of the ALJ's latest decision. Claimant completed his education through the seventh grade. Claimant has worked in the past as an oil field worker. Claimant alleges an inability to work beginning November 11, 2015

3

due to limitations resulting from an injury to his right arm.

## Procedural History

On September 8, 2015, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. An administrative hearing was conducted by video by Administrative Law Judge J. Dell Gordon ("ALJ") on February 2, 2017 with Claimant appearing in Ada, Oklahoma and the ALJ presiding from Oklahoma City, Oklahoma. On April 12, 2017, the ALJ issued an unfavorable decision which was remanded by the Appeals Council for further findings.

The ALJ conducted a supplemental hearing on December 7, 2017 in Oklahoma City, Oklahoma. On March 28, 2018, the ALJ entered a second unfavorable decision. The Appeals Council denied review on November 14, 2018. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.984, 416.1484.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity

("RFC") to perform light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly weigh the opinion of his treating physician; and (2) only giving some weight to the opinion of a second treating physician.

## Consideration of the Treating Physician's Opinion of Dr. O'Brien

In his decision, the ALJ determined Claimant suffered from the severe impairments of osteoarthritis, degenerative disc disease, and irritable bowel syndrome. (Tr. 17). The ALJ concluded that Claimant retained the RFC to perform light work except he could sit for up to eight hours, walk and stand up to eight hours per day for any combination; occasionally reach and not overhead; frequently finger and handle; continually kneel, balance, crawl, stoop, use ramps and stairs; could deal continually with heights, hazards, pulmonary irritants, extreme cold and heat, vibration and all activities in the work environment. (Tr. 23).

After consulting with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of usher, children's attendant, and guide escort, all of which were found to exist in sufficient numbers in the national economy. (Tr. 28). As a result, the ALJ found Claimant was not under a disability

from November 11, 2015 through the date of the decision. (Tr. 29).

Claimant contends that the ALJ failed to properly weigh the opinion of Dr. M. Sean O'Brien, the orthopedic surgeon who operated on Claimant's elbow after he suffered a fall. Dr. O'Brien completed a document entitled "Return to Work/School Status" which indicated (1) Claimant was seen on January 25, 2017; (2) he was temporarily totally disabled at that time; (3) Claimant would see Dr. O'Brien again for re-evaluation post-surgery; (4) he imposed the restrictions on Claimant of no lifting, pushing, pulling over five pounds. The form was completed on January 25, 2017. (Tr. 674).

On February 7, 2017, Dr. O'Brien performed surgery on Claimant's right elbow. He performed a right, ulnar nerve decompression, utilizing anterior subcutaneous transposition, reconstruction of the ulnar collateral ligament, utilizing a cadaveric graft, and performed a right, medial epicondylectomy. (Tr. 675).

Claimant contends the ALJ should have considered the opinion that he was temporarily total disabled, despite being on an issue reserved to Defendant. The ALJ's decision indicated Dr. O'Brien's opinion was considered. (Tr. 21). Dr. O'Brien did not modify or

comment on the restrictions post-surgery. Normally, this Court would require that the opinion of a treating physician be attributed some level of weight if not controlling weight. *See* Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). Dr. O'Brien, however, expressly made his opinion and the restrictions contained therein temporary pending surgery which was performed some two weeks later. The record does not indicate that Claimant had any limitations due to the right elbow post-surgery. Indeed, in subsequent medical visits for other conditions, no musculoskeletal issues were noted. (Tr. 45, 49, 686, 687-91, 696). Impairments must be expected to last at least 12 months to be considered disabling. 42 U.S.C. §423(d)(1)(A). Giving the restriction imposed by Dr. O'Brien for a specific limited time and purpose would run counter to the letter and spirit of the Social Security laws. This Court attributes no error to the manner in which Dr. O'Brien's opinion was considered.

**Consideration of the Treating Physician's Opinion of Dr. Conway**

On June 20, 2016, another of Claimant's treating physicians, Dr. Jimmy Conway, completed a medical source statement. He concluded Claimant could occasionally lift and carry up to ten pounds. The remainder of the statement was normal and without restriction except Claimant could never reach overhead and

7

occasionally reach other directions and push/pull. He could never climb ladders or crawl. (Tr. 668-73).

The ALJ gave Dr. Conway's opinion "some weight" except that his findings on Claimant's ability to lift/carry were found to be "not supported by other objective evidence in the record." (Tr. 27). The remainder of the record showed improvement in strength and range of motion of Claimant's right arm, particularly post-surgery. (Tr. 646-47, 654, 656).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins, 350 F.3d at 1300. An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id. Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the

treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion.  20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted).  Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight."  Id.  "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so."  Watkins, 350 F.3d at 1301 (quotations omitted).  The ALJ gave well-supported reasons for only giving Dr. Conway's opinion on a lifting restriction "some weight."  Other evidence in the record supported less restrictive limits than those imposed by Dr. Conway.  This Court would note

that Dr. Conway left blank the portion of the form which required "the particular medical or clinical findings . . . which support your assessment or any limitations and why the findings support the assessment." (Tr. 672).  The lifting restriction stands with no clinical support.

Claimant also asserts that Dr. O'Brien's opinion on a lifting restriction supports Dr. Conway's limitations.  Since Dr. O'Brien's opinion is limited in duration, it provides little support for Dr. Conway's apparent unlimited restriction.  No error is found in the consideration of either treating physicians' opinion.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on

such findings.

DATED this 13th day of March, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE